Pearson, J.
 

 The will of Isaac Jessup contains this clause:—
 
 Item
 
 — “ I give to my wife three negroes, Fortune, Penny and Sam, one gray horse, one hundred dollars in money,
 
 and all the property I got with herd'1
 
 He then gives specifically his other ne-groes to his children, and the sixth item is in these words : “ It is my will, that all my property whatever, not otherwise disposed of in this my last will, shall be sold, and the money, together with what I now have on hand and what will be collected from notes, shall be equally divided between,” &c.
 

 The wife of .the testator was the daughter of one Jones, who died about two years before the testator, leaving a will, by which he gives to his
 
 “
 
 son-in-law, Isaac Jessup, a negro, named Jack.” He also gives to two other sons-in-law a negro, and to his son-in-law, John Plummer, he gives five dollars y but he gives other property “ to his daughter, Susan, the wife of Plummer, for her sole and separate use and behoof.” The question is, does Jack pass to the widow by the words
 
 u
 
 all the property I got with her,” or does he fall under the residuary clause ?
 
 We
 
 are of opinion that it was the intention of the testator to give Jack to his wife. The word
 
 with
 
 does not necessarily mean “ at the same time,” and is frequently used in the sense of the instrument or means by which a thing is done :
 
 e. g.,
 
 I strike with a stick — I pull down the limb of a tree with a hook — I get property with my wife,
 
 i. e.
 
 by means of, as a consequence of our marriage.
 

 If a father-in-law puts a slave into the possession of a son-in-law, or makes him a deed of gift, and dies intestate, can the son-in-law claim a share of the estate in right of his wife, without bringing the slave into hotchpot? He
 
 “
 
 got ” the slave in consequence of, by means of his marriage, that is, with his wife, and whether it was at the
 
 very time
 
 of the marriage or afterwards, can make no difference in law. Should property be given or bequeathed to a wife, when by act of law it passes
 
 eo instanti
 
 to the husband, unless the words limit it to the separate use and maintenance of the wife ? It is to all intents and purposes property
 
 e<
 
 got with his wife.”
 

 
 *181
 
 That it was the intention of the testator to give the slave, Jack, to his wife, is put beyond all question by the fact, that all of his other slaves are specifically bequeathed ; and Jack is not disposed of, unless he passes under the words
 
 “
 
 the property I got with her,” and is left to fall under the residuary clause, which, from the context and the manner of its introduction, was evidently intended to cover the
 
 small 'matters
 
 not before expressly disposed of.
 

 We think the widow is entitled to Jack ; but the cost of this application for,a construction of the will, must be paid out of the funds of the estate, as it was for the interest of all of the parties to have the question definitely settled.
 

 Per Curiam. Decree accordingly.